# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRED WATSON, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:17-cv-2187 |
| CITY OF FERGUSON, MISSOURI, et al. | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants City of Ferguson ("City") and Eddie Boyd III ("Officer Boyd") (collectively, "Defendants"), by and through undersigned counsel, and, pursuant to Fed. R. Civ. P. 56, request that this Court issue an order granting summary judgment in their favor on all claims asserted in Plaintiff's First Amended Complaint. In support of their Motion, Defendants state as follows:

1. On September 26, 2019, Plaintiff filed his First Amended Complaint (the "Complaint") against Defendants alleging causes of action under 42 U.S.C. § 1983, including claims against Officer Boyd for Unlawful Search and Seizure (Count I); Unlawful Retaliation (Count II); and Malicious Prosecution (Count III); and a claim against the City for *Monell* municipal liability (Count IV).

2. Officer Boyd is entitled to summary judgment on Count I of Plaintiff's Complaint for unlawful search and seizure and Count II of Plaintiff's Complaint for unlawful retaliation because Plaintiff cannot establish each and every element of his claim, the evidence demonstrates Officer Boyd's conduct was reasonable and constitutional, or alternatively, the evidence demonstrates Officer Boyd is entitled to qualified immunity for his conduct because he acted with arguable probable cause and/or his conduct did not violate any clearly established right.

3. Officer Boyd is entitled to summary judgment on Count III of Plaintiff's Complaint for malicious prosecution because no such claim is exists, the evidence demonstrates Officer Boyd's conduct was constitutional, or alternatively, Officer Boyd is entitled to qualified immunity for his conduct because he acted with arguable probable cause and/or his conduct did not violate any clearly established right.

4. The City is entitled to summary judgment on Count IV of Plaintiff's Complaint for *Monell* municipal liability because there is no underlying constitutional violation of Plaintiff's rights by Officer Boyd.

5. The City is also entitled to summary judgment on Count IV of Plaintiff's Complaint for *Monell* municipal liability because Plaintiff cannot, as a matter of law demonstrate that the City had any unconstitutional policy, custom, or was deliberately indifferent to its screening, training, supervision, or discipline, or that such caused any constitutional deprivation to Watson.

6. Defendants are entitled to summary judgment on Plaintiff's claim for lost wages because the evidence does not, as a matter of law, demonstrate that Plaintiff's purported injuries resulted from the conduct of Defendants. As such, Plaintiff should further be precluded from offering evidence of damages resulting from lost wages at trial.

7. Defendants are entitled to summary judgment on Plaintiff's claim damages from "fear, apprehension, depression, anxiety, consternation and emotional distress" and "loss of faith in society" because Plaintiff has failed to produce any evidence of such damages in this case. As such, Plaintiff should further be precluded from offering evidence of any such damages at trial.

8. Officer Boyd is entitled to summary judgment on Plaintiff's claim for punitive damages because Plaintiff has failed to produce any evidence demonstrating that Officer Boyd

acted with an evil motive or indifference to Plaintiff's rights. As such, Plaintiff should further be precluded from offering evidence of punitive damages at trial.

9. Defendants file simultaneously herewith their Statement of Uncontroverted Material Facts and Memorandum in Support of their Joint Motion for Summary Judgment and incorporate each herein by reference.

WHEREFORE, Defendants respectfully request that this Court grant their Joint Motion for Summary Judgment, entering judgment in their favor and against Plaintiff on each and every claim in the First Amended Complaint, entering an order directing that Plaintiff is precluded from offering evidence of lost wages damages, of damages from "fear, apprehension, depression, anxiety, consternation and emotional distress" and "loss of faith in society," or of punitive damages at trial, and for such other and further relief as justice may require.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Ronald A. Norwood
    Ronald A. Norwood, #33841MO
    Aarnarian D. Carey, #58286MO
    Jacqueline K. Graves, #64875MO
    600 Washington Ave., Suite 2500
    St. Louis, Missouri 63101
    (314) 444-7759 (Telephone)
    (314) 612-7759 (Facsimile)
    rnorwood@lewisrice.com
    acarey@lewisrice.com
    jgraves@lewisrice.com

*Attorneys for Defendants City of Ferguson*

**MICKES O'TOOLE, LLC**

By: /s/ Geri Lynn Arrindell
    Geri Lynn Arrindell, #66357MO
    12444 Powerscourt Drive
    Suite 400
    St. Louis, MO 63131
    garrindell@mickesotoole.com

*Attorney for Defendant Eddie Boyd, III*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 1st day of March, 2019, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

    /s/ Ronald A. Norwood