# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED WATSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:17-cv-02187-MTS |
| EDDIE BOYD, III, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Fred Watson's Motion for Relief from Summary Judgment. Doc. [237]; *see also* Fed. R. Civ. P. 60(b). The Court has reviewed Plaintiff's Motion, his Memorandum in Support thereof, Defendants' Memorandum in Opposition, and Plaintiff's Reply thereto. After due consideration, the Court concludes that it should deny Plaintiff's Motion. In addition, the Court finds this Motion suitable for decision without oral argument. The Court therefore will deny Plaintiff's Motion for Hearing. Doc. [239]; *see also* E.D. Mo. L.R. 4.02.

*

Following a police interaction between Fred Watson and Officer Eddie Boyd, III, at a Ferguson, Missouri park, Watson filed suit against the City of Ferguson, and Officer Boyd for violation of his civil rights. *See* 42 U.S.C. § 1983. Against Defendant Boyd, Plaintiff alleged unlawful search and seizure, in violation of the Fourth and Fourteenth Amendments; unlawful retaliatory arrest and retaliatory use of force, in violation of the First Amendment; and malicious prosecution, in violation of the Fourth and Fourteenth

Amendments. Plaintiff also alleged a municipal liability claim against the City. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). This Court granted summary judgment to Defendants on all of Plaintiff's claims. Doc. [215] (Hamilton, J.). Plaintiff appealed and the U.S. Court of Appeals for the Eighth Circuit "affirm[ed] the . . . grant of summary judgment on all claims except [Plaintiff's] First Amendment retaliatory use-of-force claim." *Watson v. Boyd*, 119 F.4th 539, 562 (8th Cir. 2024). The Court of Appeals "remand[ed] for further proceedings on that claim" in this Court. *Id.*

Prior to the Eighth Circuit's issuance of the mandate, *see* Fed. R. App. P. 41, Defendants sought rehearing by the panel and rehearing en banc, both of which were denied. *See Watson v. Boyd*, No. 22-3233, 2024 WL 4890851, at *1 (8th Cir. Nov. 26, 2024); *see also* Fed. R. App. P. 40(a). Defendants then filed a petition for a writ of certiorari with the Supreme Court. *See Watson*, No. 22-3233, *petition for cert. filed*, No. 24-998. That petition remains pending.[1] The Eighth Circuit issued its mandate to this Court on December 05, 2024, Doc. [229], which thereby returned jurisdiction to this Court. *See Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000). Last month, Plaintiff moved for relief from judgment, asking this Court, "[p]ursuant to Federal Rule of Civil Procedure 60(b)," "to set aside its order granting summary judgment on Mr. Watson's retaliatory arrest claim contained in Count II of the First Amended Complaint." Doc. [237] at 1.

Federal Rule of Civil Procedure 60(b) empowers district courts, in limited circumstances, to "relieve a party . . . from a final judgment." *See* Fed. R. Civ. P. 60(b);

---

[1] Plaintiff did not seek rehearing; nor did he petition for a writ of certiorari.

*see also id.* at advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief[.]").[2]  "The Rule includes five provisions setting out specific grounds upon which parties may seek such relief."  *BLOM Bank SAL v. Honickman*, 605 U.S. ---, No. 23-1259, 2025 WL 1583305, at *2 (U.S. June 5, 2025) (citing Fed. R. Civ. P. 60(b)(1)–(5)).  The Rule "also includes a catchall provision that allows a district court to relieve a party from a final judgment for 'any other reason that justifies relief.'"  *Id.* (quoting Fed. R. Civ. P. 60(b)(6)).  In his Motion, Plaintiff maintains that "newly available evidence" warrants this Court "set[ting] aside the grant of summary judgment on the retaliatory arrest claim under Rule 60(b)(2) or (b)(6)."  Doc. [238] at 10.  The Court disagrees.

Rule 60(b)(2) comes into play when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered."  Fed. R. Civ. P. 60(b)(2).  Here, Plaintiff points to "objective arrest survey data" that he says supports his retaliatory arrest claim.  Doc. [238] at 10.  This evidence, though, in no way satisfies Rule 60(b)(2)

---

[2] Even after appellate review, a district court may entertain a Rule 60(b) motion to set aside its judgment without obtaining leave from the appellate court.  *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976).  Typically, though, that happens when the case is completely adjudicated—*i.e.*, where there is obviously a final judgment.  *See, e.g.*, *id.* at 17.  Here, Plaintiff proceeds under Rule 60(b) without analysis of the propriety for doing so, seemingly assuming that the portion of this Court's judgment that the Court of Appeals affirmed remains a "final judgment" for purposes of Rule 60(b).  That conclusion, however, does not seem to be an obvious one.  *Cf.* 18A Charles A. Wright *et al.*, *Fed. Prac. & Proc.* § 4432 (3d ed.) ("While proceedings on remand continue, the claim-preclusion effects of the partially completed proceedings may be confused.").  Nevertheless, there is support for the notion that the portions of this Court's previous judgment not disturbed on appeal "remain[ ] in force and effect," 5 Am. Jur. 2d *App. Review* § 737 (2025), and because the parties do not raise the issue, the Court will assume without deciding that Rule 60(b) is the proper vehicle, *see United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (explaining the principle of party presentation).

because it existed at the time of this Court's ruling on summary judgment and, "with reasonable diligence," it could have been discovered. *See* Fed. R. Civ. P. 60(b)(2). In fact, Plaintiff himself acknowledges that this data "ha[d] already been used in this litigation" prior to the Court's ruling on summary judgment. *See* Doc. [238] at 14; *accord id.* at 8 n.7 (acknowledging that counsel for Plaintiff "used this database for reference during general discovery"). Plaintiff "may not find refuge under Rule 60(b)(2)" where "through negligence or a tactical decision," he "fail[ed] to present evidence that was available" to him. *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 728 (10th Cir. 1993).

To be sure, Plaintiff correctly points out that the law around retaliatory arrest was developing throughout the time of this litigation,[3] but the law tends to do that. *See Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) (en banc) ("The law changes and clarifies itself over time."). Mere development of the law does not excuse Plaintiff's failure to use the evidence which he had in his possession. After all, other litigants had the foresight to gather and present this very same type of objective evidence before the Supreme Court recognized its propriety. *See, e.g.*, *Gonzalez v. City of Castle Hills*, 5:20-cv-1151-DAE, 2021 WL 4046758, at *6 (W.D. Tex. Mar. 12, 2021) ("In support of her

---

[3] In May 2019, the Supreme Court held that, as a general rule, a plaintiff bringing a retaliatory arrest claim "must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 405 (2019). The Court carved out a narrow exception, though, when "a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. In June 2024, the Court reemphasized that the "only express limit we placed on the sort of evidence a plaintiff may present [to establish the exception was] that it must be objective." *Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (per curiam). Plaintiff informed the Eighth Circuit of the Supreme Court's decision in *Gonzalez*, *see* Fed. R. App. P. 28(j), and more than one hundred days later, the Eighth Circuit handed down its opinion in this case.

argument, Plaintiff states that misdemeanor and felony data from Bexar County over the past decade shows . . . ."). *Cf Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ("Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution."). In sum, Plaintiff has not shown relief is proper under Rule 60(b)(2).

Plaintiff likewise has failed to show relief is proper under "the Rule 60(b)(6) catchall." *See BLOM Bank*, 2025 WL 1583305, at *2. The Supreme Court has "repeatedly held that relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *Id.* (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). Thus, "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs." *Id.* But Plaintiff's 60(b)(6) arguments are just variations on the new-evidence ground. *See* Doc. [238] (stating "newly available evidence" warrants this Court "set[ting] aside the grant of summary judgment on the retaliatory arrest claim under Rule 60(b)(2) or (b)(6)"); *id.* at 13 (arguing, in his Rule 60(b)(6) section, that he had "previously been unable to present this evidence because the law kept shifting at pivotal moments in the litigation"). Rule 60(b)(2) covers relief for new evidence; thus, Plaintiff's new-evidence argument cannot establish the necessary "extraordinary circumstances" to succeed under Rule 60(b)(6). *See BLOM Bank*, 2025 WL 1583305, at *4.

Plaintiff's new-evidence argument does not suffice as an extraordinary circumstance for another reason. After an appeal, Rule 60(b) relief should be limited to remedying circumstances "not previously known" to the Court of Appeals. *See* 11

Charles A. Wright *et al.*, *Fed. Prac. & Proc.* § 2873 (3d ed.); *accord* 5 Am. Jur. 2d *App. Review* § 693 (2025). On appeal, Plaintiff suggested to the Court of Appeals that, in light of the Supreme Court's new decision in *Gonzalez*, it "should . . . remand for the district court to determine in the first instance whether [Plaintiff's] First Amendment retaliation claim can proceed under *Gonzalez* and *Nieves*." Doc. [241-1] at 2. Though well aware of Plaintiff's position that the law "kept shifting at pivotal moments in the litigation," *see* Doc. [238] at 13, the Court of Appeals affirmed this Court's grant of summary judgment on Plaintiff's retaliatory arrest claim, noting that Plaintiff had failed to produce the "objective evidence" that *Nieves* required. *See Watson*, 119 F.4th at 554 n.12 (citing *Gonzalez*, 602 U.S. at 653). Because this development in the law—which prompted Plaintiff to collect this "new" evidence that had long been available—was known to the Court of Appeals, it cannot form the basis for an extraordinary circumstance justifying Rule 60(b)(6) relief from an affirmed judgment.

* * *

Without a valid Rule 60(b) basis, this Court will not "deviate from the mandate" the Eighth Circuit issued. *See Poletti v. Comm'r of Internal Revenue*, 351 F.2d 345, 347 (8th Cir. 1965); *accord Gunn v. United States*, 283 F.2d 358, 361 (8th Cir. 1960) (Blackmun, J., for the Court) (noting that "the legal propositions which this Court settles and determines on the appeal cannot ordinarily be again questioned" (quoting *Millers' Mut. Fire Ins. Ass'n of Ill. v. Bell*, 99 F.2d 289, 292 (8th Cir. 1938))). Because the Court concludes that Plaintiff has not shown that relief is appropriate under Rule 60(b), the Court will deny his Motion and do so without oral argument.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Oral Argument, Doc. [239], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's 60(B) Motion for Relief from Summary Judgment on First Amendment Retaliatory Arrest Claim, Doc. [237], is **DENIED**.

Dated this 13th day of June 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE