# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRED WATSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-02187-MTS |
| ) | |
| CITY OF FERGUSON, MISSOURI, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO CONDUCT THE
TRIAL IN IN THIS MATTER IN TWO TRIAL PHASES**

COME NOW Defendants Officer Eddie Boyd III ("Officer Boyd") and the City of Ferguson (the "City") (collectively, "Defendants") and hereby jointly move this Court to conduct the trial of Plaintiff Fred Watson's ("Plaintiff's") last remaining First Amendment retaliation claim against Officer Eddie Boyd III ("Officer Boyd") and Plaintiff's *Monell* claim against the City (currently scheduled for February 2, 2026) in two phases—first as to the liability of Officer Boyd and second, if justified, as to *Monell* liability against the City and punitive damages against Officer Boyd. As grounds for this Motion, Defendants state as follows:

1. In his First Amended Complaint, Plaintiff sought to challenge his stop, arrest, search, and multiple charges arising from his stop on August 1, 2012 by Officer Boyd in the City of Ferguson. As pleaded, Plaintiff's First Amended Complaint (Doc. #: 35) raised four counts against the Defendants. Counts I through III pleaded constitutional claims against Officer Boyd (including purported violations of the First, Fourth, and Fourteenth Amendments). Plaintiff sought compensatory and punitive damages on each of these claims against Officer Boyd.

2. Count IV is a claim of municipal liability against the City, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that the City's policies, practices,

and/or customs were the direct and proximate cause of the claimed constitutional violations by Officer Boyd and were the cause of his claimed injuries. No claim for punitive damages has been sought against the City (nor could there have been).

3.      On January 11, 2019 (Doc. #: 65), during the discovery phase of this litigation, Defendants moved to bifurcate the claims against Officer Boyd from the *Monell* claim against the City, staying both discovery and trial of the *Monell* claim until those against Officer Boyd are resolved. Ultimately, Judge White, who was-presiding over this case at the time, denied the motion on April 5, 2019 (Doc. #: 109).

4.      Thereafter, following two separate motions for summary judgment and two appeals to the Eighth Circuit, Plaintiff's claims against Officer Boyd were reduced to a single remaining claim for First Amendment retaliation based upon Officer Boyd allegedly pointing his gun at Plaintiff for approximately ten seconds.

5.      As it now stands, the case against Officer Boyd boils down to one First Amendment claim with two discrete issues: 1) whether Officer Boyd pulled a gun on Plaintiff during the stop and stated that "I could shoot you right here and no one would give a sh*t" (which Officer Boyd denies doing), and, 2) assuming a jury believes that that claimed action by Officer Boyd occurred, whether that drawing of Officer Boyd's weapon and statement were done in retaliation for Plaintiff asking Officer Boyd for his badge number.

6.      As this Court noted in its recent Order referring this case to mediation (Doc. #: 247),[1] the dynamics of this case have changed dramatically. Given this, the Court should

---

[1] In that mediation referral order (Doc. # 247), this Court noted that since this case was mediated over five years ago "the Court of Appeals for the Eighth Circuit dramatically narrowed this action." The mediation that took place on November 13, 2025 did not result in a settlement (Doc. #: 248).

2

reconsider bifurcation.

7.	Specifically, the Court should bifurcate the trial into two separate phases, with the same jury for both. The first phase should be limited to determining whether Officer Boyd violated Plaintiff's First Amendment right. Only if the jury finds in Plaintiff's favor should the case proceed to the second phase. The second conditional phase should be limited to determining whether the City is liable under *Monell* and, if supported, whether Officer Boyd is liable for punitive damages.

8.	Bifurcation is warranted for several reasons, including promotion of judicial economy, avoiding jury confusion, and avoiding undue prejudice to both Officer Boyd and the City.

9.	First, bifurcating the claims will preserve judicial economy, as a trial on the First Amendment claim against Officer Boyd should realistically only take a few days. However, a combined trial that also includes trying the *Monell* claim against the City would take significantly more time, likely exceeding five trial days.[2] Presentation of evidence related to the *Monell* claim would be unnecessary if the jury determines that Officer Boyd either did not draw his weapon or, even if he did, that the but-for cause for doing not retaliation but rather for safety reasons, as Judge Hamilton found on summary judgment[3] and Judge Gruender noted in his dissent to the Eighth Circuit's decision.[4] *See, e.g.*, *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005)

---

[2] In their Amended Joint Scheduling Plan filed on June 26, 2018 (Doc. # 29), the Parties advised the Court that given the current posture of the case at that time, they estimated seven (7) trial days. Since that time, there has been substantial discovery exchanged in the case which could have a bearing on the estimated days depending on whether this case is bifurcated.

[3] Judge Hamilton found that Officer Boyd had "an objectively reasonable concern for officer safety or suspicion of danger when he pulled his gun because he 'was facing a non-compliant occupant of a vehicle who made a movement within the vehicle.'" *Watson v. Boyd*, 119 F.4th 539, 548 (8th Cir. 2024) ("*Watson II*").

[4] Judge Grunder explained, "[t]he entire sequence of events dispositively shows that Officer Boyd pointed his firearm at Watson due to Watson having reached for his phone. A reasonable factfinder could not conclude otherwise." *Id.* at 536 (Gruender, J., dissenting).

(noting that the Eighth Circuit "has consistently recognized a general rule that, in order for [*Monell*] municipal liability to attach, individual liability must first be found on an underlying substantive claim."). If the two claims remain consolidated, what might otherwise be a trial lasting a few days could well exceed five trial days and could last as long as seven days.

10. Second, and more importantly, trying both claims simultaneously risks confusing the jury and prejudicing both Officer Boyd and the City. This is because on the *Monell* claim, Defendants expect Plaintiff to attempt to introduce evidence relating to claimed customs of the City that do not even involve Officer Boyd, or which involve other incidents in which Officer Boyd was involved but that are totally unrelated to the instant case. Such evidence is also anticipated to draw significant objections.

11. Pursuant to Rule 42(b), issues may be determined in separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize" as long as the federal right to a jury trial is preserved. FED. R. CIV. P. 42(b). The Eighth Circuit has held that trial courts have broad discretion to bifurcate issues for separate trials or to have phased trials where necessary. *Patterson v. City of Omaha*, 779 F.3d 795 (8th Cir. 2015); *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990).

12. As clearly demonstrated in Defendants' Joint Memorandum in Support of this Motion, filed contemporaneously herewith and incorporated herein by reference, bifurcating the trial on Watson's First Amendment claim against Officer Boyd from the trial on his *Monell* claim against the City and the issue of punitive damages is appropriate because such bifurcation serves to further the interests of judicial economy, decreases the chances of confusion or prejudice against any of the Parties, and, in this instance, because it would all be heard by the same jury, will not affect Plaintiff's ability to recover compensatory damages or his right to a jury trial.

4

WHEREFORE, Defendants Officer Eddie Boyd and the City of Ferguson respectfully request that this Court enter an Order directing that the trial proceed before a single jury in two phases—a trial of Plaintiff's remaining First Amendment claim against Officer Boyd, and, if necessary, a separate trial phase that would address Plaintiff's claim of municipal liability against the City of Ferguson and, if justified, the request for punitive damages from Officer Boyd.

Dated: December 19, 2025            Respectfully submitted,

**LEWIS RICE LLC**

By: */s/ Ronald A. Norwood*
    Ronald A. Norwood, #33841MO
    Aarnarian D. Carey, #58286MO
    Jacqueline K. Graves, #64875MO
    600 Washington Ave., Suite 2500
    St. Louis, Missouri 63101
    (314) 444-7759 (Telephone)
    (314) 612-7759 (Facsimile)
    rnorwood@lewisrice.com
    acarey@lewisrice.com
    jgraves@lewisrice.com

*Attorneys for Defendant City of Ferguson*


**REEVES LAW LLC**

By: /s/ John M. Reeves
    John M. Reeves, #59634MO
    7733 Forsyth Blvd.,
    Suite 1100-#1192
    St. Louis, MO 63105
    (314) 775-6985 (Telephone)
    reeves@appealsfirm.com

*Attorney for Defendant Eddie Boyd, III*

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 19th day of December, 2025, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

                                                          */s/ Ronald A. Norwood*