IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:17-cv-2187 MTS |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' JOINT MOTION *IN LIMINE* (NO. 6) TO EXCLUDE
EVIDENCE, TESTIMONY, AND REFERENCES TO THE CITY'S CONSENT DECREE**

COME NOW Defendants City of Ferguson (the "City") and Eddie Boyd III ("Officer Boyd") (collectively, "Defendants"), by and through undersigned counsel, and hereby submit their sixth Motion *in Limine* to exclude any and all evidence, references to evidence, testimony or argument from Plaintiff at trial (including, but not limited to, *voir dire*, opening, closing, and during testimony) relating to the Consent Decree entered into by the City. In support of their Motion, Defendants state as follows:

1. On September 26, 2018, Plaintiff filed his First Amended Complaint (the "Complaint") against Defendants alleging causes of action under 42 U.S.C. § 1983, including claims against Officer Boyd for Unlawful Search and Seizure (Count I); Unlawful Retaliation (Count II); and Malicious Prosecution (Count III); and a claim against the City for *Monell* municipal liability (Count IV). Plaintiff is also seeking punitive damages against Officer Boyd.

2. Following summary judgment and two Eighth Circuit Court of Appeals rulings in favor of Officer Boyd and the City, this case has been "dramatically narrowed" such that the only remaining claims are Plaintiff's First Amendment retaliatory use of force claim against Officer Boyd and his *Monell* claim against the City.

3.      Defendants anticipate Plaintiff will seek to include evidence of the Consent Decree entered into by the City in *United States v. City of Ferguson*, 4:16-cv-000180-CDP, Consent Decree (Doc. #41).

4.      No hearing was held before the City entered into the Consent Decree.

5.      Plaintiff has asserted that the lack of a hearing in this case is irrelevant because the City entered into the Consent Decree rather than respond to the allegations through litigation. That assertion is patently false and directly refuted by the Consent Decree itself, which explicitly states:

> Nothing in this Agreement, the United States' Complaint, or the negotiation process shall be construed as an admission or evidence of liability under any federal, state, or municipal law including, but not limited to, 42 U.S.C. § 1983. Nor is the City's entry into this Agreement an admission by the City, FPD, or any officer or employee of either entity that it has engaged in any unconstitutional, illegal, or otherwise improper activities or conduct. The City's entry into this Agreement is not an admission of any of the findings or conclusions contained in DOJ's March 4, 2015 Report.

*United States v. City of Ferguson*, Consent Decree, at p. 2, ¶ 7.

6.      The lack of a hearing at any level in this case not only goes to the unreliability of the DOJ Report that formed the basis for the DOJ proceedings, but the use of the DOJ Report should be deemed unconstitutional for lack of due process. *See Townley v. Heckler*, 748 F.2d 109, 114 (2d Cir. 1984) (finding use of a report without a hearing with right to cross-examine and produce rebuttal evidence violates due process).[1]

7.      Accordingly, Defendants move to exclude any reference, comment, or attempt to ask any witness to testify regarding any evidence relating to the Consent Decree entered into by the City.

---

[1] In fact, on January 10, 2019, defense counsel served a Freedom of Information Act request on the Government regarding the DOJ investigation. *See* **Tab 1**, Doc. # 1898-99. On February 15, 2019, the Government refused to respond by indicating it would not do so because it was an active matter. *See* **Tab 2**, Doc. # 1896-97.

WHEREFORE, Defendants respectfully requests that the Court enter an Order excluding any and all evidence, references to evidence, testimony or argument from Plaintiff at trial (whether in *voir dire*, opening, closing, testimony, or otherwise) regarding the Consent Decree, and for such other and further relief as this Court deems just and proper.

Dated: January 13, 2026                     Respectfully submitted,

**LEWIS RICE LLC**

By:   /s/  Ronald A. Norwood
Ronald A. Norwood, #33841MO
Aarnarian D. Carey, #58286MO
Jacqueline K. Graves, #64875MO
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
(314) 444-7759 – Telephone
(314) 612-7759 – Facsimile
rnorwood@lewisrice.com
acarey@lewisrice.com
jgraves@lewisrice.com

*Attorneys for Defendants City of Ferguson*

**REEVES LAW LLC**

By: /s/ John M. Reeves
John M. Reeves, #59624MO
7733 Forsyth Blvd.
Suite 1100-#1192
St. Louis, MO 63105
(314) 775 – 6985 (Telephone)
reeves@appealsfirm.com

*Attorney for Defendant Eddie Boyd, III*

3

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 13th day of January, 2026, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

                */s/ Ronald A. Norwood*