IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cv-2187-MTS |
| CITY OF FERGUSON, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION *IN LIMINE* (NO. 15) TO EXCLUDE
REFERENCES ABOUT MICHAEL BROWN, DARREN WILSON
AND THE POST-MICHAEL BROWN AFTERMATH**

COME NOW Defendant Eddie Boyd III ("Officer Boyd") and City of Ferguson ("City") (collectively, "Defendants"), by and through undersigned counsel, request that this Court issue an Order excluding any and all evidence, references to evidence, testimony or argument from Fred Watson ("Plaintiff") at trial (including, but not limited to, *voir dire*, opening, closing, and during testimony) regarding the incidents involving Michael Brown, former Officer Darren Wilson and the post-Michael Brown aftermath. In support of its Motion, Defendants state as follows:

1. On August 9, 2014, Michael Brown was killed in the City of Ferguson.

2. On March 4, 2015, the Department of Justice released its "Investigation of the Ferguson Police Department" Report and "Report Regarding the Criminal Investigation into the Shooting Death of Michael Brown by Ferguson, Missouri Police Officer Darrin Wilson."

3. Following both of these events, there were large scale protests that occurred throughout the City of Ferguson and the surrounding area.

4. Ultimately, following extensive investigations at the County and Federal levels, it was decided that Darren Wilson was justified in shooting Michael Brown. In addition, in 2016,

the litigation by the Michael Brown family was settled with no admission of liability. *See Michael Brown, Sr. v. City of Ferguson*, Case No. 4:15CV00831-ERW, Order Approving Settlement, Doc. # 205.

5. In Plaintiff's First Amended Complaint, Plaintiff alleged causes of action under 42 U.S.C. § 1983, including claims against Officer Boyd for Unlawful Search and Seizure (Count I); Unlawful Retaliation (Count II); and Malicious Prosecution (Count III); and a claim against the City for *Monell* municipality liability (Count IV). Plaintiff also seeks punitive damages against Officer Boyd.

6. Ultimately, the District Court granted summary judgment on all of the claims, but was reversed only on the First Amendment use-of-force retaliation claim. The Eighth Circuit affirmed this Court's conclusion that there were no constitutional violations although it remanded on the sole ground that a question of fact exists regarding the First Amendment retaliatory use-of-force claim.

7. Evidence of Michael Brown and the ensuing international protests are not relevant to any issues that remain in this case—now limited to whether Officer Boyd pulled his firearm for ten seconds and threatened to shoot Plaintiff in retaliation for asking for Officer Boyd's badge number. To be admissible at trial, evidence must be relevant to the claims and defenses to be tried. FED. R. EVID. 401 and 402.

8. Accordingly, all references to Michael Brown and its aftermath—which occurred two years after Plaintiff's arrest—should be excluded because they do not constitute relevant admissible evidence regarding any "fact [that] is of consequence in determining" the parties' remaining claims and defenses. FED. R. EVID. 401(b).

2

9. This case involves an officer, who was not associated with the Michael Brown case, and a set of facts that are different from the facts surrounding the Michael Brown case. Thus, any reference to Michael Brown's case would not be relevant or lead to admissible evidence regarding the parties remaining claims and defenses.

10. Even if relevant, the Court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" FED. R. EVID. 403.

11. The events following Michael Brown's death were highly publicized, racial in nature, and nationally divisive. Plaintiff may attempt to mention Michael Brown and its aftermath for the purpose of exciting the jury and distracting them from the relevant issues.

12. Additionally, the mentioning of Michael Brown or the aftermath of his death would have very little probative value because the facts of the two situations are entirely different (since the Michael Brown case did not involve any First Amendment retaliation allegation), and would cause a substantial amount of prejudice to Officer Boyd and the City. *See Perry v. St. Louis Cnty.*, No. 4:22-CV-140-MTS, 2024 WL 4527198, at *19 (E.D. Mo. Oct. 18, 2024) (generally for custom, "[a] pattern of *similar* constitutional violations is ordinarily necessary to demonstrate deliberate indifference." (emphasis added)) (quoting *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019)); *Gaulden v. City of Desloge, Mo.*, No. 4:07CV01637 ERW, 2009 WL 1035346, at *11 (E.D. Mo. Apr. 16, 2009) (in failure to supervise and or discipline claims, alleged misconduct must be "*similar* to the unconstitutional acts alleged by [p]laintiff" (emphasis added)).

13. Further, introduction of evidence of Michael Brown and the aftermath of his death would also lead to juror confusion because the limited First Amendment constitutional issues remaining to be tried have nothing to do with Michael Brown.

14. Lastly, evidence of the Michael Brown case and its aftermath is not admissible as to Officer Boyd pursuant to FED. R. EVID. 404(b). Rule 404(b) provides, in pertinent part: "Evidence of other … acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

15. Here, evidence of Michael Brown and the protests that followed do not implicate one of these other permissible purposes, particularly as to Officer Boyd, with regard to the remaining issues to be tried in this case. *See Powell v. Rowe*, No. 4:05cv02111 ERW, 2007 WL 3071816, at *2-3 (E.D. Mo. Oct. 19, 2007) (granting motion in limine to exclude evidence of prior litigation because there was no showing of a valid purpose for such evidence).

16. The Court should direct that Plaintiff not introduce, either directly or indirectly, any reference to Michael Brown, Darren Wilson or the protests that followed.  Such references should be excluded because they are not relevant to any issue to be tried and because they would be unfairly prejudicial, confusing and would mislead the jury.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion in Limine to Exclude References to Michael Brown, former Officer Darren Wilson, or any of the protest aftermath and enter an Order excluding any and all evidence, references to evidence, testimony or argument from Plaintiff in trial (whether in *voir dire*, opening, closing, testimony, or otherwise) regarding the legal conclusions identified above (or any similar remarks) and other issues set forth above, and for such other and further relief as this Court deems just and proper.

Dated: January 13, 2026

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Ronald A. Norwood
   Ronald A. Norwood, #33841MO
   Aarnarian D. Carey, #58286MO
   Jacqueline K. Graves, #64875MO
   600 Washington Ave., Suite 2500
   St. Louis, Missouri  63101
   (314) 444-7759 (Telephone)
   (314) 612-7759 (Facsimile)
   rnorwood@lewisrice.com
   acarey@lewisrice.com
   jgraves@lewisrice.com

*Attorneys for Defendants City of Ferguson*

**REEVES LAW LLC**

By: /s/ John M. Reeves
   John M. Reeves, #59634MO
   7733 Forsyth Blvd.,
   Suite 1100-#1192
   St. Louis, MO 63105
   (314) 775-6985 (Telephone)
   reeves@appealsfirm.com

*Attorney for Defendant Eddie Boyd, III*

5

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 13th day of January, 2026, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

                /s/ Ronald A. Norwood