**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FRED WATSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:17-cv-2187 MTS |
| | ) |
| CITY OF FERGUSON, MISSOURI, et al., | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANTS' JOINT MOTION *IN LIMINE* (NO. 17) TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCES TO CLAIMS FOR PUNITIVE DAMAGES**

COME NOW Defendants Eddie Boyd III ("Officer Boyd") and City of Ferguson, Missouri ("City") (collectively, "Defendants"), by and through undersigned counsel, and hereby request that this Court issue an Order excluding any and all evidence, references to evidence, testimony or argument from Plaintiff at trial (including, but not limited to, *voir dire*, opening, closing, and during testimony) regarding any claim for punitive damages against Officer Boyd in the first phase of trial if the Court sustains Defendants' Joint Motion to Bifurcate.  Moreover, because Plaintiff has failed to identify in response to Interrogatories any evidence suggesting that in purportedly violating his First Amendment rights Officer Boyd acted with the intent necessary to justify the submission of punitive damages, Plaintiff is now precluded from submitting his punitive damages claim to the jury.

In support of this Motion, Defendants state as follows:

1. On September 26, 2018, Plaintiff filed his First Amended Complaint (the "Complaint") against Defendants alleging causes of action under 42 U.S.C. § 1983, including claims against Officer Boyd for Unlawful Search and Seizure (Count I); Unlawful Retaliation (Count II); and Malicious Prosecution (Count III); and a claim against the City for *Monell*

municipal liability (Count IV). Plaintiff also seeks to recover punitive damages solely against Officer Boyd.

2.      Following summary judgment and two Eighth Circuit Court of Appeals rulings in favor of Officer Boyd and the City, this case has been "dramatically narrowed" such that the only remaining claims are Plaintiff's First Amendment retaliatory use-of-force claim against Office Boyd and his *Monell* claim against the City.

3.      Punitive damages are available under § 1983 in only two limited circumstances: "[W]hen the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922 (8th Cir. 2011).

4.      In response to Defendants' Interrogatories, Plaintiff failed to identify any specific evidence demonstrating evil motive or reckless indifference to Plaintiff's First Amendment rights. (*See* Defs.' Exhibit D-1 (Pl.'s Obj. and Supp. Ans. To Defs.' First Set of Interrogatories ("Supp. Rog. Response"), attached hereto at **Tab 1**, at No. 19.)  Rather, among the litany of facts incorporated into his response to Defendants' Interrogatory 19 (almost all of which relate to the claimed constitutional violations that this Court and the Eighth Circuit has now rejected), the only facts identified that are pertinent to the First Amendment retaliatory use of force claim are a) the fact that Officer Boyd refused to provide him with his badge number, and b) sometime later, and after Plaintiff grabbed his cell phone, did Officer Boyd purportedly drew his firearm for ten seconds and threatened to shoot him.

5.      Moreover, during Plaintiff's deposition, Plaintiff was unable to testify as to what damages he was seeking.  (Deposition of Freddie Watson ("Watson Dep."), attached hereto at **Tab 2**, 183:18-184:12.)

6. Assuming Plaintiff is able to prove that Officer Boyd did engage in such conduct and that such conduct was in retaliation for Plaintiff asking for Office Boyd's badge number (as opposed to for safety reasons expressed to him by Officer Boyd), those facts would at best support a First Amendment retaliation claim and not the kind of evil motive or reckless indifference that would justify the submission of punitive damages.

7. Instead, Plaintiff would need to present evidence above and beyond that required to support the underlying offense to support the submission of punitive damages. *See Riggs v. Gibbs*, 66 F.4th 716, 720 (8th Cir. 2023) ("A finding that an officer violated [the plaintiff's] constitutional rights establishes liability under § 1983, but it 'does not necessitate a finding of callous indifference warranting punitive damages.'"); *Thurairajah v. City of Fort Smith, Ark.*, 3 F.4th 1017, 1026 (8th Cir. 2021) ("A finding that an official violated a plaintiff's constitutional rights, 'while establishing liability under § 1983, does not necessitate a finding of callous indifference warranting punitive damages.' The plaintiff must produce evidence that the defendant's conduct was 'sufficiently egregious to justify the imposition of punitive damages.'" (internal citations omitted)).

8. Here, Plaintiff has not disclosed any facts in discovery supporting the suggestion that Officer Boyd's actions in pointing a firearm at him for ten seconds and threatening to shoot him caused him "severe injury" that was "grossly disproportionate" and was motivated by "malice" rather than the safety reasons expressed to him by Officer Boyd or as determined by this Court in granting summary judgment as to his Fourth/Fourteenth Amendment use-of-force claims.

9. Because Plaintiff has failed to identify such additional evidence of "egregiousness" in response to the written interrogatories, assuming such evidence exists, Plaintiff is now precluded

3

from attempting to rely on any undisclosed evidence to demonstrate that Officer Boyd's conduct demonstrates evil motive or reckless indifference to Plaintiff's rights.

10. Moreover, the suggestion that Officer Boyd threatened to shoot him does not supply the requisite egregiousness that would justify the submission of punitive damages. The courts have held that idle threats made by a police officer are generally not sufficient to support a constitutional claim. In *Turner v. Mull*, 784 F.3d 485 (8th Cir. 2015), the plaintiff claimed violation of his constitutional rights based on the following allegation: "mentioned [to the plaintiff] that [the defendants] could drown [the plaintiff] and claim that [the plaintiff] tried to escape." *Id.* at 488. In rejecting the suggestion that such a treat could rise to the level of a constitutional violation, the Eighth Circuit concluded:

> Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim. In determining whether the constitutional line has been crossed, a court must look to such factors as the amount of force that was used in relationship to the need presented, the extent of injury inflicted, and the motives of the state officer. The alleged threat is redressable under § 1983 if it caused severe injuries, was grossly disproportionate to the need for action under the circumstances ***and*** was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience.

*Id.* at 492 (cleaned up) (emphasis added).

11. In fact, in entering summary judgment, Judge Hamilton noted that "It is well established ... that when officers are presented with serious danger in the course of carrying out an investigative detention, they may brandish weapons ... in order to control the scene and protect their safety[,]" and concluded that "[u]pon consideration, the Court finds an objectively reasonable concern for officer safety or suspicion of danger existed. *Watson v. City of Ferguson, Missouri*, No. 4:17CV2187 JCH, 2022 WL 16569365, at *11 (E.D. Mo. Sept. 26, 2022) (citing *Williams v. Decker*, 767 F.3d 734, 740 (8th Cir. 2014)), *aff'd in part and remanded sub nom. Watson v. Boyd*, 119 F.4th 539 (8th Cir. 2024).

4

12. Such a finding—that Officer Boyd had an objectively reasonable concern for Officer safety on the one hand—would preclude any jury from concluding that that that same conduct constituted the type of egregiousness required to support the submission of punitive damages.

13. Moreover, pursuant to Fed. R. Evid. 403, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice.  Non-disclosed evidence of speculative evil motive or intent or reckless or callous indifference would distract the jury from the relevant issues in the case.

14. Accordingly, for all of these reasons, Plaintiff should be precluded from mentioning punitive damages at the trial of this cause.

WHEREFORE, Defendants respectfully request that the Court enter an Order excluding any and all evidence, references to evidence, testimony or argument from Plaintiff at trial (whether in *voir dire*, opening, closing, testimony, or otherwise) regarding the evidence identified above (or any similar remarks) and other issues set forth above, and for such other and further relief as this Court deems just and proper.

Dated: January 13, 2026

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Ronald A. Norwood
 Ronald A. Norwood, #33841MO
 Aarnarian D. Carey, #58286MO
 Jacqueline K. Graves, #64875MO
 600 Washington Ave., Suite 2500
 St. Louis, Missouri 63101
 (314) 444-7759 (Telephone)
 (314) 612-7759 (Facsimile)
 rnorwood@lewisrice.com
 acarey@lewisrice.com
 jgraves@lewisrice.com

*Attorneys for Defendant City of Ferguson*

**REEVES LAW LLC**

By: /s/ John M. Reeves
 John M. Reeves, #59624MO
 7733 Forsyth Blvd.
 Suite 1100-#1192
 St. Louis, MO 63105
 (314) 775 – 6985 (Telephone)
 reeves@appealsfirm.com

*Attorney for Defendant Eddie Boyd, III*

6

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 13th day of January, 2026, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

                                                                   */s/ Ronald A. Norwood*